UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. SAYLES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 1:15-cv-01589-WTL-DKL |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Richard Sayles for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-09-0017 in which he was convicted of Assault on Staff. For the reasons explained in this Entry, Sayles' habeas petition must be **denied**.

Sayles states in a letter filed on January 26, 2016, that he will not be filing anything else in this case because it is a waste of time and money.[1] If Sayles believes that he has been retaliated against for filing this civil action, he may pursue such a claim by filing a civil rights action.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support

---

[1] This letter was docketed as a motion. The clerk is directed to **terminate** the motion flag associated with docket number 12, no relief is warranted based on this filing.

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 3, 2014, Officer B. McCully wrote a Report of Conduct that charged Sayles with class A offense 102, Assault on Staff. The Conduct Report states:

> On 9-3-14 at approximately 1200 hours, I Officer B. McCully was conducting feed on the 4C range of GCH. I was short a couple of trays by the time I reached the front of the range. I advised offender Sayles #136665 that I would bring a tray to him as soon as I had one available. At this time Sayles became irate and began cursing and threatening to harm Sgt. Lunsford. I advised offender Sayles that I would be back shortly with a tray for him. Less than five minutes later I had a tray available for offender Sayles. Immediately after I handed him the tray, offender Sayles smashed the contents of the tray against me, covering me and the the [sic] front of the range in food. Chain of command was notified and an Incident Report was taken.

Dkt. 9-1.

On September 9, 2014, Sayles was notified of the charge of Assault on Staff when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Sayles refused to come out of his cell for screening. Two correctional officers provided statements that corroborated Sayles' refusal to be screened.

The hearing officer conducted the disciplinary hearing in ISR14-09-0017 on September 10, 2014. Sayles refused to attend the hearing. The hearing officer found Sayles guilty of the charge of Assault on Staff. In making this determination, the hearing officer considered the Conduct Report. The sanctions were a written reprimand, one year in disciplinary segregation, earned credit time deprivation of 365 days, and demotion from credit class 2 to credit class 3.

### C. Analysis

Sayles brings a petition for habeas relief on the grounds that 1) he did not receive advance written notice of the charge; 2) the Screening Officer failed to comply with Sayles' request for the Conduct Report, videos, and a continuance; 3) the Screening Officer submitted biased and irrelevant evidence; 4) Sgt. Lunsford and Officer McCully retaliated against him; 5) Officer McCully falsified the Conduct Report and lacks credibility; 6) he was denied an impartial hearing officer; and 7) he was denied a lay advocate. For the reasons explained below, each of these grounds for relief is rejected.

#### 1) Advance Written Notice

Sayles argues that he did not receive advance written notice of the charge. He is mistaken. The screening process provided Sayles with notice of the charge against him more than 24-hours before his disciplinary hearing.

#### 2) Request for Evidence

Sayles claims that the Screening Officer failed to comply with Sayles' request for the Conduct Report, videos, a lay advocate and a continuance. However, by refusing to participate in the screening and in his disciplinary hearing he waived those rights. The record shows that on September 9, 2014, Sayles was given notice that he was being charged with assault on staff, but he refused to come out of his cell to participate in the screening process. He was given the opportunity to request witnesses and physical evidence, and he failed to do so by refusing to participate in the screening.

#### 3) Sufficiency of the Evidence

Sayles next three assertions: that the Screening Officer submitted biased and irrelevant evidence; Sgt. Lunsford and Officer McCully retaliated against him; and that Officer McCully falsified the Conduct and lacks credibility are all attacks on the sufficiency of the evidence.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report that Sayles assaulted staff by smashing a tray with food on it against a correctional officer. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). No relief is warranted on this basis.

### 4) Impartial Hearing Officer

Sayles next claims that the Hearing Officer was not impartial. One of the procedural due process rights set out in *Wolff* is the right to be heard before an impartial decision maker. Due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). In this case there is no evidence that the hearing officer had any role in the incident underlying the charge in this case. Sayles has failed to show that the Hearing Officer in his proceeding was partial and no relief is warranted on this basis.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sayles to the relief he seeks.

Accordingly, Sayles' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 2/3/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

RICHARD N. SAYLES
136665
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064